FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 29 2001

DAVID J. MALAND, CLERK
BY
DEPUTY Jackson

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LONZO GOVAN, #774832 | § | |
| VS. | § | CIVIL ACTION NO. 4:00cv424 |
| DIRECTOR, TDCJ-ID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lonzo Govan, an inmate confined in the Texas prison system, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Petitioner is in custody pursuant to a judgment and sentence for two counts of aggravated sexual assault out of the 362nd Judicial District Court of Denton County, Texas. After entering a plea of not guilty, a jury found him guilty and, on November 20, 1996, the Petitioner was sentenced to 75 years imprisonment in the Texas Department of Criminal Justice – Institutional Division. The Petitioner appealed his conviction to the Second District Court of Appeals. The Second District Court of Appeals affirmed the conviction on December 23, 1997. The Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, nor did he file a petition for *writ of certiorari* with the United States Supreme Court. The Petitioner filed one state application for a writ of habeas corpus on July 28, 2000. The Texas Court of Criminal Appeals denied the application without written order on October 25, 2000. The

1

present petition was filed in the United States District Court for the Northern District of Texas – Dallas Division on December 6, 2000. The case was transferred to this Court on December 11, 2000. The Petitioner states that he placed the petition in the prison mailing system on November 27, 2000. The petition is deemed filed on November 27, 2000, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Petitioner is challenging his conviction on the following grounds:

1. The trial court erred by admitting evidence concerning extraneous offenses; and

2. The Petitioner was denied a fair trial because the State introduced evidence in violation of the Petitioner's motion *in limine*.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes. 28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations for habeas cases filed by state prisoners. The Fifth Circuit discussed the approach that should be taken in applying the one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

The AEDPA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) concerns the date to use regarding challenges to convictions. Section 2244(d)(1)(B) concerns impediments to filing created by the State. Section 2244(d)(1)(C) concerns the date in which a constitutional right has been recognized. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(1)(A) is the appropriate provision to employ in the present case.

2

In the present case, the Second District Court of Appeals affirmed the trial court's judgment on December 23, 1997. Since the Petitioner did not file a petition for discretionary review, the conviction became final thirty days after the Second District Court of Appeals entered judgment; therefore, the conviction became final on January 22, 1998. Section 2244(d)(1)(A) notes that finality is established by the conclusion of direct review or the expiration of time for seeking such review. As such, the present petition had to be filed no later than one year after January 23, 1998 or, in other words, by January 23, 1999, in the absence of any tolling provisions or a grace period associated with AEDPA.

In the present case, the Petitioner did not file an application for a writ of habeas corpus in state court until July 28, 2000 which was more than one year beyond the expiration of the statute of limitations. The pendency of the Petitioner's state application did not toll the limitations deadline in this case. The present petition was not filed until November 27, 2000 which was almost two years too late. The Petitioner has not shown that any other provisions of § 2244(d) or equitable tolling will save his petition; thus, the Court must conclude that the petition is barred by the one year statute of limitations.

## Recommendation

It is accordingly recommended that the above-styled petition for writ of habeas corpus should be denied and the case should be dismissed with prejudice.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar

that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of October, 2001.

ROBERT FAULKNER
UNITED STATES MAGISTRATE JUDGE